**WO** BL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gilbert Kostishak, ) | No. CV 05-0736-PHX-DGC (ECV) |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| J. Palosaari, et al., ) | |
| Defendants. ) | |

Plaintiff Gilbert Kostishak, currently confined in the Cocopah Unit of the Arizona State Prison Complex in Yuma, Arizona, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983. The Court will order Defendants to answer the Complaint.

**A.     Application to Proceed *In Forma Pauperis* & Filing Fee**

Plaintiff's request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $250.00 for this action. No initial partial filing fee will be assessed by this Order. 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect monthly payments of 20 percent of the preceding month's income credited to Plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Plaintiff should take notice that if he is released before the filing fee is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days of the date of

TERMPSREF

his release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing fee.

**B.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). The Court also must dismiss a complaint or portion thereof if Plaintiff fails to exhaust any administrative remedy available to him. 42 U.S.C. § 1997e(a).

**C.     Complaint**

Plaintiff names as Defendants (1) J. Palosaari, Deputy Warden of Cheyenne Unit, (2) Dennis Chenail, Facility Health Administrator, and (3) Tommy Cattey, Clinical Audiologist. Plaintiff asserts the following causes of action.

*Count I*

Plaintiff alleges that Defendants Palosaari and Chenail were deliberately indifferent to his medical needs. In particular, a private audiological examination indicated that Plaintiff required hearing aids. Plaintiff alleges that his hearing impairment substantially limits his daily functions and activities, and the lack of a hearing aid results in a substantial risk to his health and safety. Moreover, without a hearing aid, Plaintiff suffers from being ostracized and isolated and has been mocked and ridiculed. Plaintiff maintains that he sent a letter to Defendants Chenail and Palosaari, informing them of the seriousness of his daily struggles and his concern for his health and safety. However, these Defendants have refused to provide him with the necessary medical services. Plaintiff acknowledges that

1  the Defendants sent his personal hearing aid in for repairs, but was informed that the
2  hearing aid could not be repaired.
3  *Count II*
4       Plaintiff alleges that Defendants Palosaari and Chenail retaliated against him for
5  complaining about not having a hearing aid. Namely, he has received two write ups in
6  retaliation for him exercising his right to use the grievance system. Moreover, both
7  Defendants have informed him that if he continues to grieve the lack of a hearing aid, he
8  will be disciplined.
9  *Count III*
10       Plaintiff alleges that Defendant Cattey was deliberately indifferent to his medical
11  needs. Specifically, Defendant Cattey conducted an audiological examination which was
12  cursory and resulted in Plaintiff not receiving the necessary medical intervention, namely
13  a hearing aid. Moreover, Defendant Cattey's conclusions are contradicted by two private
14  audiologist and the Social Security Administration, all of whom recommended that Plaintiff
15  obtain bilateral hearing aids.
16       Plaintiff is seeking monetary and other relief, to include a set of hearing aids.
17  **D.**    **Claims to be Served**
18       At this early stage, Plaintiff sufficiently alleges that Defendants Palosaari and
19  Chenail were deliberately indifferent to his medical needs and retaliated against him for
20  filing grievances and request for hearing aids, and that Defendant Cattey was deliberately
21  indifferent to his medical needs. The Defendants will be ordered to answer the Complaint.
22  **E.**    **Rule 41 Cautionary Notice**
23       Plaintiff should take notice that if he fails to timely comply with every provision of
24  this Order, or any order entered in this matter, this action will be dismissed pursuant to
25  Rule 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258,
26  1260-61 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order
27  of the Court).
28

**IT IS THEREFORE ORDERED that:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* is granted.

(2) Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed no initial partial filing fee. All fees shall be collected and paid in accordance with this Court's Order to the appropriate government agency filed concurrently herewith.

(3) The Clerk of Court shall send Plaintiff a service packet including the Complaint, this Order, and both summons and request for waiver forms for Defendants Palosaari, Chenail, and Cattey.

(4) Plaintiff shall complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on each Defendant within 120 days of the filing of the complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

(6) The United States Marshal shall retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(7) The United States Marshal shall notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants shall include a copy of this Order. The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received. If a waiver of service of summons is not returned by a Defendant within thirty days from the date the request for waiver was sent by the Marshal, the Marshal shall:

  (a) Personally serve copies of the Summons, Complaint, and this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

  (b) Within 10 days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendant. The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8) **A Defendant who agrees to waive service of the Summons and Complaint shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9) Defendants shall answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10) Any answer or responsive pleading shall state the specific Defendant(s) by name on whose behalf it is filed. The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the specific Defendant(s) by name on whose behalf it is filed.

(11) Plaintiff shall serve upon Defendants, or if appearance has been entered by counsel, upon counsel, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Defendants or counsel. Any paper received by

1  a District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court
2  may be disregarded by the Court.

3  (12) At all times during the pendency of this action, Plaintiff shall immediately
4  advise the Court and the United States Marshal of any change of address and its effective
5  date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice
6  shall contain only information pertaining to the change of address and its effective date.
7  Plaintiff shall serve a copy of the notice on all opposing parties. The notice shall not
8  include any motions for any other relief. Failure to file a Notice of Change of Address may
9  result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the
10 Federal Rules of Civil Procedure.

11 (13) A clear, legible copy of every pleading or other document filed shall
12 accompany each original pleading or other document filed with the Clerk for use by the
13 District Judge or Magistrate Judge to whom the case is assigned. Failure to comply with
14 this requirement may result in the pleading or document being stricken without further
15 notice to Plaintiff.

16 (14) This matter is referred to Magistrate Judge Edward C. Voss pursuant to Local
17 Rules of Civil Procedure 72.1 and 72.2 for further proceedings.

18 DATED this 17th day of October, 2005.

_____
David G. Campbell
United States District Judge

TERMPSREF

- 6 -